1  Vito A. Costanzo (State Bar No. 132754)
   John A. Canale (State Bar No. 287287)
2  HOLLAND & KNIGHT LLP
   400 South Hope Street, 8th Floor
3  Los Angeles, California 90071
   Telephone (213) 896-2400
4  Facsimile (213) 896-2450
   vito.costanzo@hklaw.com
5  john.canale@hklaw.com

6  Attorneys for Plaintiff,
   AERSALE 28149 AVIATION LIMITED
7
   PILLSBURY WINTHROP SHAW PITTMAN LLP
8  STACIE D. YEE, BAR NO. 223544
   THOMAS T. LIU, BAR NO. 115038
9  725 SOUTH FIGUEROA STREET, SUITE 2800
   LOS ANGELES, CA 90017-5406
10 Telephone: 213.488.7100
   Facsimile: 213.629.1033
11 stacie.yee@pillsburylaw.com
   thomas.liu@pillsburylaw.com
12
   Attorneys for Defendant
13 MIAT MONGOLIAN AIRLINES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AERSALE 28149 AVIATION LIMITED, a limited liability company organized and existing under the laws of Ireland,<br><br>Plaintiff,<br><br>vs.<br><br>MIAT MONGOLIAN AIRLINES, a state-owned company organized and existing under the laws of Mongolia,<br><br>Defendant. | CASE NO. 2:16-cv-8201-DMG-E<br><br>**STIPULATION FOR PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION**<br><br>Judge: Hon. Dolly M. Gee |

# PURPOSES AND LIMITATIONS AND GOOD CAUSE STATEMENT

## A. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

The parties further acknowledge, as set forth in Section 11.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## B. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the

litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

## 2. DEFINITIONS

2.1  <u>Action</u>: the above-captioned federal civil action.

2.2  <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3  <u>Counsel</u>: Outside Counsel of Record and In-House Counsel.

2.4  <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL—AEO."

2.5  <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are provided, produced, or generated in relation to the claims and disputes in this matter or in disclosures or responses to discovery in this matter.

2.6  <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.7  <u>In-House Counsel</u>: attorneys, barristers, solicitors, advocates, or any other persons responsible for legal matters hired by or who are employees of a party to this Action (as well as their support staff).

2.8  <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9  <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.10  <u>Party</u>: any party to this Action, including all of its officers, directors,

1 employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 **Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.12 **Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 **Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL—AEO."

2.14 **Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. **SCOPE**

3.1 To the extent either Party produces documents, materials or information during discovery that contain trade secrets or other confidential and proprietary business information that is not publicly available, such documents or materials shall be clearly marked as "CONFIDENTIAL" at the time production occurs.

3.2 If a party reasonably believes that the particular confidential documents, materials or information to be produced or disclosed is of such a highly sensitive nature that their disclosure should be limited only to Counsel, that party shall clearly mark such documents, materials or information as "CONFIDENTIAL—AEO."

3.3 Protected Materials shall not be used by any party except in the preparation for, trial of, or conduct of other proceedings in this litigation or as otherwise agreed to in writing by the parties or ordered by the Court.

3.4 Protected Materials may include (a) such documents, materials or information; (b) all copies, extracts and complete or partial summaries prepared

from such documents, materials or information; (c) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, materials or information, or copies, extracts or summaries thereof; (d) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto which contain or reflect the content of any such documents, materials or information, or copies, extracts or summaries thereof; and (d) testimony taken at a hearing or other proceeding that refers or relates to such documents, materials or information, consistent with Section 7 below.

Any use of Protected Material at trial shall be governed by a separate agreement or order of the trial judge. This Order does not govern the use of Protected Material at trial.

**4. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., section 5.2 below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or

trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL—AEO" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.2 <u>Inadvertent Failures to Designate</u>.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous designations or challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties), may expose a Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 <u>Basic Principles.</u>

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of Material Marked "CONFIDENTIAL"</u>

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (attached hereto as Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, licensed private investigators retained by Counsel, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided that: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

7.3 Disclosure of Marked "CONFIDENTIAL—AEO"

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL—AEO" only to individuals listed in Section 7.2(a)

and (c)-(i) and Counsel.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL—AEO," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL—AEO" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this

Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Pursuant to Rule 502 of the Federal Rules of Evidence, the production of documents, electronically stored information ("ESI"), or other information subject to the attorney-client privilege or the work-product doctrine, whether inadvertent or otherwise, will not waive the attorney-client privilege or the work-product doctrine. In addition, the Parties agree that if a document, ESI or other information subject to the attorney-client privilege or the work product doctrine is included in documents, ESI or other information made available for inspection, such disclosure shall not be considered a waiver of the attorney-client privilege or the work-product doctrine. Upon entry by this court of the present Protective Order, the privilege or protection is deemed not waived by disclosure in connection with this Action, as well as any other Federal or State proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

If a Party believes that it has inadvertently produced any document, ESI or other information that it believes may be subject to the attorney-client privilege or work- product doctrine ("Protected Document"), the Party may claw back the Protected Document by making a written request to the Receiving Party specifically identifying the Protected Document, including the date, author, addressees, and topic of the document as well as a brief explanation of the reason for the claim of privilege. Upon receipt of this written request, each Party receiving said document, ESI or other information shall immediately cease use of this document, ESI or other

information and information contained therein and shall return it and all physical copies and delete all electronic copies within three (3) business days to the Producing Party. The record of the identity and nature of an inadvertently produced document, ESI or other information may not be used for any purpose other than in preparation of a motion to compel the production of the same document in this Action. No information in an inadvertently produced document, ESI or other information may be used or relied upon for any other purpose in this Action until the court so orders. After the return of the document(s), ESI or other information, the Receiving Party may challenge the Producing Party's claim(s) of privilege or work-product by making a motion to the court.

Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI, or other information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information prior to production.

## 11. MISCELLANEOUS

11.1  <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2  <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3  <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal

1 pursuant to a court order authorizing the sealing of the specific Protected Material
2 at issue. If a Party's request to file Protected Material under seal is denied by the
3 court, then the Receiving Party may file the information in the public record unless
4 otherwise instructed by the court.

**12. FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**13. VIOLATION OF THIS PROTECTIVE ORDER**

Any violation of this Protective Order may be punished by any and all appropriate measures, including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

Dated: April 25, 2017

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: /s/ Stacie D. Yee
Stacie D. Yee
Thomas D. Liu
Attorneys for Defendant and Counterclaimant MIAT MONGOLIAN AIRLINES

Dated: April 25, 2017

HOLLAND & KNIGHT LLP

By: / Vito A. Costanzo
Vito A. Costanzo
John A. Canale
Attorneys for Plaintiff and Counterdefendant AERSALE 28149 AVIATION LIMITED

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED:

DATED: 4/25/17        By: _____
Honorable CHARLES F. EICK
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *AerSale 28149 Limited v. MIAT Mongolian Airlines* (U.S. Dist. Court, C.D. Cal. Case No. 2:16-cv-8201-DMG-E). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

## ATTESTATION OF COUNSEL

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

                                        /s/ Stacie D. Yee
                                        Stacie D. Yee

STIPULATION FOR PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION
CASE NO. 2:16-cv-8201

4832-6439-5335.v3